IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SENECA LYNERE MATHEWS            PLAINTIFF

v.            No. 5:13-cv-395 DPM-JTR

DONNY FORD, Sheriff, Fordyce County Jail;
DARRELL SPELLS, Director,13th Judicial
District Drug Task Force; and THOMAS G.
FORD, Parole Officer            DEFENDANTS

### ORDER

1.    Mathews has filed this *pro se* § 1983 action saying that Defendants violated his constitutional rights during his 2013 parole revocation proceedings in state court. № *1 & 8*. The Court must screen Mathews's complaint. 28 U.S.C. § 1915A.

2.    Mathews alleges that Darrell Spells entrapped him or somehow caused his parole to be wrongfully revoked for possessing drugs. Success on the merits of that claim would necessarily result in the invalidity of Mathews's parole revocation. He therefore can't raise that claim in this § 1983 action seeking damages until his parole revocation is invalidated by the highest state court or in a federal habeas proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Mathews's claim against Spells is dismissed without prejudice.

3.   Mathews says that Donny Ford violated his constitutional rights by failing to give him a copy of the arrest warrant.  Mathews acknowledges, though, he was shown the warrant at the time of his arrest.  № 1 at 6.  A person doesn't have a constitutional right to receive a copy of the warrant at the time of his arrest.  *E.g., U.S. v. Turcotte*, 558 F.2d 893, 896 (8th Cir. 1977).  And "an arrest executed pursuant to a facially valid warrant generally does not give rise to a claim under 42 U.S.C. § 1983."  *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988).  Mathews's wrongful-arrest claim against Donny Ford is therefore dismissed with prejudice.

4.   Finally, Mathews contends that Thomas Ford and Donny Ford violated his Fourth Amendment rights when they wrongfully searched his girlfriend's home without a warrant or proper consent.  Drugs seized from the home were used as a basis for revoking Mathews's parole.  Success on the merits of Mathews's challenge to the lawfulness of the search would not necessarily render his probation revocation invalid because the drugs may have, nevertheless, come into evidence under the inevitable-discovery rule or the independent-source doctrine.  *Heck*, 512 U.S. at 487 n.7; *Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000).  Mathews may therefore proceed with his wrongful-search claim against both Fords.

The Clerk is directed to prepare a summons for Thomas Ford and Donny Ford. The U.S. Marshal is directed to serve the summons, complaint, and this Order on each of them without prepayment of fees and costs or security therefor. If either Thomas Ford or Donny Ford is no longer a county employee, the individual responding to service must file that defendant's last known private mailing address under seal.

5. Because Mathews's claim against Spells fails as a matter of law, his motion to amend his complaint further to add more details about Spells's involvement, № 10, is denied as futile. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The Court certifies that an *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 February 2014