# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**SENECA LYNERE MATHEWS**                                 **PLAINTIFF**
**ADC #140780**

v.                      **No. 5:13-cv-395-DPM**

**DONNY FORD, Sheriff, Fordyce County
Jail; THOMAS G. FORD, Parole Officer,
Fordyce County Jail; BRYCE BOROUGHS,
Parole Officer, Camden Parole Office; and
MARSHANA ARCHER, Parole Officer,
Dallas County Detention Center**                      **DEFENDANTS**

## ORDER

Mathews is in ADC custody for violating his parole; police arrested him pursuant to a warrant while he was at his girlfriend's house in Fordyce. He says, among other things, that the arrest warrant was based on bad information, and that the search of his girlfriend's house following the arrest was unlawful. The Court screened the complaint and dismissed many of the claims; what remains is the unlawful-search claim, brought under 42 U.S.C. § 1983, against Donny and Thomas Ford, Boroughs, and Archer. № 13 *at 2 &* № 22. Defendants move to dismiss.

The unlawful-search claim survived screening because the Court was under the impression that drugs found at the girlfriend's house were the basis for Mathews's parole revocation. *№ 13 at 2*. Mathews has since clarified that no drugs or drug paraphernalia were found. *№ 15 & 21 at 5*. At the gate, it's unclear whether Mathews has any reasonable expectation of privacy as a visitor at his girlfriend's house. *United States v. Kuenstler*, 325 F.3d 1015, 1020 (8th Cir. 2003). That question is a fact-based one, though, and the record as it stands is too thin for the Court to decide the issue.

In any event, it's not clear how the allegedly unlawful search harmed Mathews. The arrest warrant was based on information from a confidential informant, not fruits of the search. He says the search was "disrespectful and cruel," because officers may have seen his young daughter without clothes on. *№ 28*. But Mathews isn't raising this claim on behalf of his daughter; he seeks release from prison and money damages for his mental suffering. *№ 1 at 6 & 21 at 6*. And absent any concrete or particularized injury to Mathews, his claim fails as a matter of law. *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009).

Any challenges to the validity of the arrest warrant should, as Mathews is aware, be raised through a petition for writ of habeas corpus. He's currently pursuing that claim in another case, No. 5:14-cv-162-KGB-JTR. To the extent he raises it here, the claim is dismissed without prejudice. The motion, № 26, is granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

18 August 2014